IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL ACTION |
| v. | ) | |
| | ) | No. 07-20052-01-KHV |
| CARL BAUMAN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

On April 26, 2007, a grand jury indicted defendant for knowingly making a false and fictitious written statement in connection with attempted acquisition of a firearm in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2), and unlawfully shipping, transporting, possessing and/or receiving a firearm which had been shipped or transported in interstate or foreign commerce in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). This matter is before the Court on defendant's Motion To Dismiss (Doc. #39) filed October 29, 2008. On December 3, 2008, the Court held oral argument on defendant's motion. For reasons set forth below and for those stated at the hearing, the Court overrules defendant's motion.

### Factual Background

On May 31, 2007, the government filed a motion for psychiatric exam pursuant to 18 U.S.C. § 4241. On July 3, 2007, the magistrate judge sustained the motion and committed defendant to the custody of the Attorney General for placement in a suitable facility to be examined for a reasonable period, not to exceed 45 days. The Attorney General thereafter placed defendant at the Federal Medical Center in Rochester, Minnesota ("FMC Rochester") for psychiatric evaluation.

On August 28, 2007, a new attorney entered her appearance on behalf of defendant.

On October 26, 2007, Daniel Carlson, Psy.D., staff psychologist at FMC Rochester, completed a forensic evaluation of defendant. In the evaluation, Dr. Carlson opined that defendant was competent to stand trial.

On November 26, 2007, the Court held a competency hearing. At the hearing, the parties jointly asked Dr. Carlson to review newly available mental health records from defendant's previous incarceration in the State of Kansas. The Court agreed and ordered Dr. Carlson to review the additional records and prepare an addendum to his forensic report.

On December 12, 2007, Dr. Carlson completed a forensic evaluation addendum. In the addendum, Dr. Carlson reported that the additional mental health records did not alter his conclusion that defendant was competent to stand trial.

On January 31, 2008, William S. Logan, M.D., psychiatrist with Logan & Peterson, PC in Kansas City, Missouri, completed a psychiatric evaluation of defendant at the request of defendant's attorney. Dr. Logan concluded that defendant suffers from a delusional disorder which renders him unable to assist properly in his defense.

On March 3, 2008, the Court held a second competency hearing. Counsel made statements and submitted evidence, and the Court took the matter under advisement.

On June 26, 2008, the Court declared that defendant was incompetent to stand trial. See Memorandum And Order (Doc. #38) at 12-13. The Court also committed defendant to the custody of the Attorney General "to hospitalize him for treatment in a suitable facility for a reasonable period of time, not to exceed four months, as is necessary to determine whether there is substantial probability that in the foreseeable future he will attain capacity to permit the proceedings to go

forward." Id. at 13. The United States Marshal's Service ("USMS") did not receive a copy of the Court's order. Consequently, defendant remained in pretrial custody at a correctional facility.

On October 29, 2008, defendant filed the instant motion to dismiss the case for violation of the Speedy Trial Act, 18 U.S.C. § 3161.

## **Analysis**

The Speedy Trial Act generally requires a trial to begin within 70 days of the filing of an indictment or the defendant's initial appearance, whichever is later. 18 U.S.C. § 3161(c)(1); United States v. Apperson, 441 F.3d 1162, 1178 (10th Cir. 2006), cert. denied, 127 S. Ct. 1003 (2007). The Speedy Trial Act includes a number of exceptions excluding specific periods of delay from being counted toward the 70-day limit. See 18 U.S.C. § 3161(h). The relevant exceptions in this case include (1) any period of delay "resulting from any proceeding, including any examinations, to determine the mental or physical capacity of the defendant," 18 U.S.C. § 3161(h)(1)(A); (2) any period of delay "resulting from transportation of any defendant from another district, or to and from places of examination or hospitalization, except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable," 18 U.S.C. § 3161(h)(1)(F); and (3) any period of delay "resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial," 18 U.S.C. § 3161(h)(4).

Under Section 3161(h)(1)(F), defendant argues that only 10 days is excludable and that any further delay in transporting him to the hospital is unreasonable. Several courts have addressed similar delays in transport for treatment after a judicial finding of incompetency. See United States v. Morales, No. 07-147, 2008 WL 552662, at *3 (D. Ariz. Feb. 27, 2008); United States v. Bell,

No. 05-cr-30-TWT, 2007 WL 1087355 (N.D. Ga. April 5, 2007); United States v. Lewis, 484 F. Supp.2d 380 (W.D. Pa. 2007); United States v. Triumph, No. 02-cr-81(JBA), 2004 WL 1920352 (D. Conn. Aug. 24, 2004); United States v. Degideo, No. 04-100, 2004 WL 1240669 (E.D. Pa. May 18, 2004). In each case, the court held that the period of delay in transporting defendant was excluded under Section 3161(h)(4) because the delay resulted primarily from the fact that defendant was incompetent to stand trial. See Morales, 2008 WL 552662, at *3; Bell, 2007 WL 1087355, at *3; Lewis, 484 F. Supp.2d at 390-91; Triumph, 2004 WL 1920352, at *3; Degideo, 2004 WL 1240669, at *3-4.

> The Court agrees substantially with the reasoning of Degideo as follows:
>
> The parties do not dispute that Defendant had been declared mentally incompetent in November of 1999 and was not declared mentally competent until March of 2004. As such, the delay [of six months when defendant received no care because of administrative oversight], was primarily the result of this Court's finding of mental incompetency, which is explicitly excluded under § 3161(h)(4). The delay in treatment was subsidiary to the prior finding that Defendant was mentally incompetent.
>
> This result is dictated by a plain language reading of the Act. By drafting § 3161(h)(4), Congress clearly intended to create a specific period of excludable time when a Defendant is mentally incompetent. As such, when a defendant has been declared mentally incompetent, § 3161(h)(4) trumps other sections of the Act, including § 3161(h)(1)(H), the provisions of which do not require a finding of mental incompetency.

2004 WL 1240669, at *4. Here, on June 26, 2008, the Court declared that defendant was incompetent to stand trial. Accordingly, the Court finds that the period of time from June 26, 2008 to the present is excludable under 18 U.S.C. § 3161(h)(4) as delay "resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial."

Defendant cites no authority for the proposition that Section 3161(h)(1)(F) applies to transportation delays after a court has determined that a defendant is incompetent to stand trial. All

cases cited by defendant address transportation delays *before* the court determined that defendant was incompetent to stand trial. See Motion To Dismiss (Doc. #39) at 5 n.8 (citing United States v. Noone, 913 F.2d 20 (1st Cir. 1990), cert. denied, 500 U.S. 906 (1991); United States v. Castle, 906 F.2d 134 (5th Cir. 1990); United States v. Lewis, 484 F. Supp.2d 380 (W.D. Pa. 2007)). Indeed, in Lewis, the court specifically drew the distinction between transportation and administrative delays which occur before a finding of incompetency, see id. at 386-87, and those which arise after a finding of incompetency, see id. at 390-92. As to delays which occur after a finding of incompetency, Lewis held that such delays are excludable under 18 U.S.C. § 3161(h)(4) as delays resulting from the fact that the defendant is mentally incompetent to stand trial. See id. at 390-92.

In addition to the exclusion under Section 3161(h)(4), the period of time from June 26, 2008 to the filing of defendant's motion to dismiss is excludable under 18 U.S.C. § 3161(h)(1)(A) as delay "resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant." See United States v. McGhee, 532 F.3d 733, 737 (8th Cir. 2008) (delay to have defendant transported involved "proceedings" to determine his competency, not transportation of defendant); United States v. Vasquez, 918 F.2d 329 (2d Cir. 1990); see also United States v. Yazzie, No. 04-1210, 2006 WL 2772636, at *4-5 (D. Ariz. Sept. 25, 2006) (101-day delay in Marshal's Office receiving order is excludable under 3161(h)(1)(A); transport provision does not apply). Here, as in Yazzie, the USMS did not receive notice of an order to transport a defendant for treatment. In Yazzie, the court stated as follows:

> The Court holds that this case is governed by § 3161(h)(1)(A), not § 3161(h)(1)(H). The relevant Ninth Circuit decisions, [United States v. Antoine, 906 F.2d 1379 (9th Cir. 1990) and United States v. Taylor, 821 F.2d 1377 (9th Cir. 1987), rev'd on other grounds, 487 U.S. 326 (1987)], both involved delays in the actual transport of defendants and therefore clearly came within § 3161(h)(1)(H). This case involved Defendant's detention in Arizona for 101 days before the Marshal's Office received

-5-

> the order to transport him to FMC-Springfield. The delay did not occur during transport. Thus, although the delay was a most serious clerical error and plainly regrettable, it was not a delay "resulting from transportation" as required by § 3161(h)(1)(H). Rather, it was a "delay resulting from any proceeding, including any examination, to determine the mental competency or physical capacity of the defendant" as required by § 3161(h)(1)(A).
>
> The legislative history behind § 3161(h)(1)(H) supports this conclusion. The ten-day transportation rule grew out of a Congressional desire that marshals not delay the transport of prisoners for economic reasons, such as waiting for more prisoners to be assembled before incurring the cost of moving them. See Taylor, 821 F.2d at 1384, n.10. The provision was aimed at marshals and the actual process of transportation, not clerical errors that occur during competency proceedings.

2006 WL 2772636, at *5 (footnote omitted). The period of time from June 26, 2008 to the present is excludable on the alternative ground of 18 U.S.C. § 3161(h)(1)(A) as a delay "resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant."

**IT IS THEREFORE ORDERED** that defendant's Motion To Dismiss (Doc. #39) filed October 29, 2008 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that pursuant to 18 U.S.C. § 4241(d), the Court commits defendant to custody of the Attorney General to hospitalize him for treatment in a suitable facility for a reasonable period of time, not to exceed four months, as is necessary to determine whether there is substantial probability that in the foreseeable future he will attain capacity to permit the proceedings to go forward.

**IT IS FURTHER ORDERED** that on or before **January 9, 2008,** the Attorney General shall report to the Court whether substantial probability exists that in the foreseeable future, defendant will attain capacity to permit the proceedings to go forward.

The Clerk is directed to forward a copy of this order to the United States Marshal.

Dated this 4th day of December, 2008, at Kansas City, Kansas.

>  s/ Kathryn H. Vratil
>  KATHRYN H. VRATIL
>  United States District Judge